IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| The United States Government<br><br>v.<br><br>Don Michael Rynn<br>            Defendant. | Case No. 2:24-cr-00653-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendant's Motion to Dismiss Count Three of the Indictment pursuant to Federal Rule of Criminal Procedure 12. (Dkt. No. 38). The Government filed a response in opposition to Defendant's motion. (Dkt. No. 45). For the reasons set forth below, the Court denies Defendant's motion to dismiss.

**I.    Background**

The Indictment charges the Defendant with two counts of Making a False Statement under 18 U.S.C. § 1001 and one count of Falsifying Records in a Federal Investigation under 18 U.S.C. § 1519. (Dkt. No. 1). Count One, one of the Making a False Statement counts, and Count Three, the Falsifying Records count, relate to allegations that on April 19, 2023 Defendant caught certain fish, Snowy Grouper and Tile Fish, above the legal and approved limits and falsely reported the amounts to the National Oceanic and Atmospheric Administration.

Defendant moves the Court to dismiss Count Three by arguing that Counts One and Three charge a single offense in two counts which is impermissibly multiplicitous in violation of the Double Jeopardy Clause in the Fifth Amendment of the United States Constitution. (Dkt. No. 38). The Government responded in opposition. (Dkt. No. 45). The motion is now ripe for the Court's review.

## II.     Legal Standard

Federal Rule of Criminal Procedure 12(b)(3) allows a defendant to move before trial to dismiss an indictment when there is "defect in the indictment . . . including . . . chagrining the same offense in more than one count (multiplicity)." Fed. R. Crim. P. 12(b)(3)(B)(ii).

An indictment is multiplicitous when it charges a single offense in multiple counts. *Untied States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993). The danger in multiplicitous indictments is that the defendant can be subjected to multiple sentences for the same offense in violation of the double jeopardy clause. *Burns*, 990 F.2d at 1438. However, it has long been held that a defendant may be tried, convicted and sentenced for two separate offenses, even though he committed a single act. *See, e.g.*, *Albernaz v. United States*, 450 U.S. 333, 334-45 n.3 (1981) ("It is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause.").

Absent clearly contrary legislative intent, "'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" *United States v. Allen*, 13 F.3d 105, 108 (4th Cir. 1993) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). In other words, the question is whether each of the offenses requires proof of a different element. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182 ("Each of the offenses created requires proof of a different element."). "The Supreme Court has steadfastly adhered to the *Blockburger* analysis when determining whether the legislature intended to authorize multiple punishments for a particular act." *Allen*, 13 F.3d at 108 (citing *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)).

### III. Discussion

Here, the Making a False Statement and Falsifying Records charged in Counts One and Three of the Indictment are separate offenses because making a false statement requires proof of different elements than falsifying records. Making a false statement under 18 U.S.C. § 1001 requires the Government to show (1) the Defendant made a materially false, fictious, or fraudulent statement or representation; (2) the fact was material to a matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States; and the Defendant acted knowingly and willfully. 18 U.S.C. § 1001. Falsifying records in federal investigations under 18 U.S.C. § 1519 requires the Government to show (1) the Defendant altered, destroyed, mutilated, concealed, covered up, falsified, or made a false entry in any record, document, or tangible object; (2) the Defendant did so with intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any département or agency of the United States and (3) the Defendant did so knowingly. 18 U.S.C. § 1519. Multiple elements differ between the statutes. A conviction under § 1001 requires a jury to determine the false statement pertained to a material fact, while § 1519 does not require materiality. Additionally, § 1519 requires an intent to impede an investigation, which § 1001 does not. Lastly, the mens rea are different between the statues: § 1001 requires the Government to show the Defendant acted "knowingly" and § 1519 requires the Government to show the Defendant acted "knowingly and willfully." Other courts have also noted that these charges require proof of different elements. *United States v. Benton*, 890 F.3d 697, 713 (8th Cir. 2018) (affirming the district court's judgment that counts brought under 18 U.S.C. § 1519 and § 1001 were not multiplicitous because "§ 1519 requires an intent to impede, obstruct, or influence a federal matter[] and § 1001 requires a showing of materiality."); *United States v. Lundergan*, No. 5:18-106, 2019 WL 1261354, at *7 (E.D. Ky. Mar. 18, 2019)

("Furthermore, under *Blockburger*, charges under each of §§ 1001 and 1519 require proof of an element that charges under the other statute does not.").

Because of these differences, it is possible that a jury could convict on one charge and not the other. The Court, therefore, finds that Congress intended to create two distinct, separate offenses with making a false statement and falsifying records in a federal investigation. Accordingly, the Court finds that Count Three is not multiplicitous with Count One.

IV.   **Conclusion**

For the reasons set forth above, the Court **DENIES** Defendant's motion to dismiss (Dkt. No. 38).

s/Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

March 7, 2025  
Charleston, South Carolina