# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, | Case No. 2:24-653-RMG |
| v. | |
| Don Michael Rynn, | **ORDER** |
| Defendant. | |

This matter comes before the Court on Defendant's motion in limine seeking to prevent the admission by the Government of a recording of a call to the South Carolina Department of Natural Resources ("SCDNR Call") in which a tipster, now identified as Michael Moore, reported that the Defendant was involved with a fish catch over the legal limit using a vessel titled Maximum Retriever, which was reportedly docked in McClellanville, South Carolina. The tipster stated that the Defendant had shifted one portion of the unlawful catch to another vessel and another portion of the unlawful catch to a local fish market in Georgetown, South Carolina, some 23 miles away. (Dkt. No. 41 at 1-2; Exhibit A).

Defendant argues that the SCDNR Call is hearsay and that, even if the tape is not hearsay, it should be excluded under Federal Rule of Evidence 403 because any probative value is substantially outweighed by unfair prejudice. (Dkt. No. 41). The Government opposes the motion, arguing that the SCDNR Call falls within hearsay exceptions as a record of regularly conducted activity under Rule 803(6) and/or a "present sense impression" under Rule 803(1). (Dkt. No. 51). The Court addresses each of these issues below.

    A. <u>Does the statement of a tipster recorded on a SCDNR Call qualify as an exception to the hearsay rule under Rule 803(6)?</u>

1

The Advisory Committee Note to Rule 803(6) distinguished between the regularly prepared record supplied by persons charged with preparing and maintaining the business records of an organization and a record that contains the statement of a bystander or tipster that is not part of the business's organization:

> The element of unusual reliability of business records is said variously to be supplied by systematic checking, by regularity and continuity which produces habits of precision, by actual experience of business in relying on them, or by a duty to make an accurate record as part of a continuing job or occupation . . . If, however, the supplier of the information does not act in the regular course, an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail. An illustration is the police report incorporating information obtained from a bystander; the officer qualifies as acting in the regular course but the informant does not. 30B Fed. Prac. & Proc. Evid. § 6861 (2024).

In *United States v. Pazsint*, 703 F.2d 420, 424-25 (9th Cir. 1983), the Government had successfully admitted over defense objections a taped emergency call that contained substantive accusations against the defendant on the basis that the recording was a regularly kept business record. The Court ruled that the audio recording should not have been admitted under the business records exception because the informant was not "acting routinely, under a duty of accuracy, with employer reliance on the result . . ." The Court observed that it is "well established that entries in a police report which result from an officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not." *Id*. at 424; *see also United States v. Smith*, 521 F.2d 957, 964 (D.C. Cir. 1975) ("[T]he complaining witness' description of the crime, recorded by a police officer in his report, is not made in the regular course of the witness' business and does not deserve the presumption of regularity accorded a business record."); *ADT LLC v. Alarm Protection LLC*, 2017 WL 1881957 at *1 (S.D. Fla. 2017). A

2

witness's recorded statement may be admissible under another exception to the hearsay rule or the witness could testify live at trial. However, Rule 803(6), standing alone, does not provide a basis for admission of the SCDNR Call of the tipster under these circumstances.[1]

>   B. Does the SCDNR Call qualify as a present sense impression under Rule 803(1)?

Even if the SCDNR Call is not admissible under the regularly kept records exception, it may be admitted if it falls within one of the other hearsay exceptions. The Government has asserted that the statement qualifies as a present sense impression. The Rule 803(1) exception is based on the assumption that a report made that is substantially contemporaneous with the event being reported negates "the likelihood of deliberate or conscious misrepresentation." 1972 Advisory Committee Note, 30B Fed. Prac. & Proc. Evid. § 6811 (2024). Courts have shown some flexibility in the time between the observation and the report, but the dispute is often over just a few minutes. *See United States v. Lovato*, 950 F.3d 1337, 1344-45 (10th Cir. 2020) (collecting cases).

A review of the audio recording does not indicate that the observations reported were "substantially contemporaneous" with the SCDNR Call. The tipster, now known to be Michael Moore, reported that the vessel in question, titled Maximum Retriever, had docked in McClellanville, South Carolina and then pulled a second vessel alongside the boat to unload a portion of the allegedly unlawful catch onto the second boat. The tipster further reported another portion of the allegedly unlawful catch had been transported to Georgetown, South Carolina, some 23 miles away, and could be found at an identified fish market there. Thus, the process of unloading

---

[1] The Court is aware that some courts have uncritically declared 911 recordings fall within the hearsay exception of Rule 803(6). A careful review of the language of the Rule, the Advisory Committee Notes, and the better analyzed cases has persuaded the Court that Rule 803(6) is not sufficient, standing alone, to admit a recording of a tipster's call under these circumstances.

a substantial amount of fish onto another boat and then hauling still another amount to a nearby town would take a substantial amount of time, far beyond the limits of what would reasonably be interpreted as "substantially contemporaneous" with the call.

The Court finds that the recording of the SCDNR Call does not fall within the hearsay exception of 803(1) or any other hearsay exception. Consequently, the Court grants Defendant's motion in limine. (Dkt. No. 41). Nothing in this ruling prevents the Government from offering the live testimony of the Mr. Moore regarding his personal knowledge of the relevant facts of this case. Furthermore, should the defense "open the door" regarding some issue associated with the SCDNR Call, the Government could again raise with the Court, outside the presence of the jury, the potential admission of the SCDNR Call.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

March 7, 2025
Charleston, South Carolina